UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BELKIS Q.,

      Plaintiff,

                          **Case No. 2:19-cv-19069**

  v.                     **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] This Court also considers Plaintiff's Notice of Supplemental Authority Regarding *Cirko ex. rel. Cirko v. Comm'r of Soc. Sec.*, ECF No. 18, and the Commissioner's response to that Notice, ECF No. 19. For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

On October 5, 2015, Plaintiff filed her application for benefits, alleging that she has been disabled since April 30, 2014. R. 107, 119−20, 140, 215−20. Plaintiff's application was denied initially and upon reconsideration. R. 141−45, 149−55. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 156−57. Administrative Law Judge ("ALJ") Kenneth Ayers held

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity.

a hearing on July 6, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 45–106. In a decision dated October 30, 2018, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from April 30, 2014, Plaintiff's alleged disability onset date, through the date of that decision. R. 25–38. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on August 27, 2019. R. 1–7.

Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g) and commenced this action on October 17, 2019. ECF No. 1.[2] On July 16, 2020, after the merits of Plaintiff's contentions had been fully briefed in this Court, *see* ECF Nos. 13, 15, 16, Plaintiff filed a Notice of Supplemental Authority Regarding *Cirko ex. rel. Cirko v. Comm'r of Soc. Sec.*, ECF No. 18, in which she argues that, because the Administrative Law Judge ("ALJ") who adjudicated her claim had not been properly appointed under the Appointments Clause of the United States Constitution, this case must be remanded to the Social Security Administration ("SSA") for a new hearing before a different ALJ pursuant to *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 155–56 (3d Cir. 2020) (holding that a Social Security claimant need not exhaust a challenge to a presiding ALJ based on the Appointments Clause in the administrative proceedings before raising the issue in the district court). ECF No. 18 (citing, *inter alia*, *Lucia v SEC*, 138 S. Ct. 2044 (2018) (holding that Security and Exchange Commission ALJs are "Officers of the United States" and subject to the Appointments Clause)). The Commissioner disagrees, arguing that Plaintiff forfeited this argument as a basis for remand by failing to raise the matter in her Complaint or merits briefs. ECF No. 19.

---

[2] The parties have consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. On June 9, 2020, the case was reassigned to the undersigned. ECF No. 17.

The Commissioner's arguments are not well taken. As previously noted, the Supreme Court held in *Lucia* that the S.E.C.'s ALJs are "Officers of the United States" subject to the Appointments Clause, which provides that only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." *Lucia*, 138 S. Ct. at 2050, 2053–54. *Lucia* went on to find that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Id.* at 2055 (citation and internal quotation marks omitted).

"In response to *Lucia* and in light of an executive order concluding that 'at least some— and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause,' Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 13, 2018)," the Acting Commissioner of Social Security reappointed the agency's administrative judges, including the ALJs and the Administrative Appeals Judges of the SSA's Appeals Council. *Cirko*, 948 F.3d at 152. Relying on *Lucia*, the Third Circuit held in *Cirko* that claimants in Social Security cases may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency. *Id.* at 153–56.

After *Cirko* was decided and after the Commissioner had responded to Plaintiff's Notice of Supplemental Authority, the United States Supreme Court granted petitions for a writ of *certiorari* in two cases from the United States Court of Appeals for the Eighth and Tenth Circuits, questioning whether claimants seeking disability insurance benefits or supplemental security income under the Social Security Act must exhaust Appointments Clause challenges before the ALJ as a prerequisite to obtaining judicial review of the issue. *Carr v. Saul*, 141 S. Ct. 813 (2020) (granting petition for writ of *certiorari*); *Davis v. Saul*, 141 S. Ct. 811 (2020) (same). On April 22, 2021, the Supreme Court decided *Carr v. Saul*, 141 S. Ct. 1352 (2021). "Like the

3

SEC ALJs at issue in *Lucia*, [the] SSA ALJs [in *Carr*] had been selected by lower level staff rather than appointed by the head of the agency." *Id.* at 1357. In *Carr* (as in the instant case), "[t]he Commissioner did not dispute that the ALJs who decided petitioners' cases were unconstitutionally appointed, but contended instead that petitioners had forfeited their Appointments Clause challenges by failing to raise them before the agency." *Id.* In rejecting that argument, the Supreme Court explained that "the inquisitorial features of SSA ALJ proceedings, the constitutional character of petitioners' claims, and the unavailability of any remedy make clear that 'adversarial development' of the Appointments Clause issue 'simply [did] not exist' (and could not exist) in petitioners' ALJ proceedings." *Id.* at 1362 (brackets in original). The Supreme Court therefore held that the Eighth and Tenth Circuits had "erred in imposing an issue-exhaustion requirement on petitioners' Appointments Clause claims." *Id.*

In light of *Carr*'s conclusion that claimants did not forfeit those claims that had not been raised administratively, this Court concludes that, given the importance of the individual liberty safeguarded by the Appointments Clause, Plaintiff did not forfeit her argument in this regard and that she is entitled to the adjudication of her claim by an ALJ who has been constitutionally appointed. *Id.*; *Lucia*, 138 S. Ct. 2044; *Cirko*, 948 F.3d at 155–56. Here, ALJ Ayers conducted the administrative hearing on July 6, 2018, *see* R. 45–106, prior to the reappointment of the SSA's ALJs on July 16, 2018, *see Cirko*, 948 F.3d at 152; SSR 19-1p ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own."). Because the ALJ who conducted Plaintiff's administrative hearing had not, at the time of that hearing, been properly qualified under the Appointments Clause, this Court concludes that Plaintiff's

challenge to the qualification of the ALJ is meritorious notwithstanding the fact that ALJ Ayers issued his decision on October 30, 2018, *see* R. 25–38, *i.e.*, after the reappointment of the agency's ALJs on July 16, 2018. Indeed, the Commissioner does not argue that the reappointment of the ALJ after the administrative hearing but before the issuance of the administrative decision resolves Plaintiff's challenge. *See generally* ECF No. 19.

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for a new hearing before a different, constitutionally appointed, Administrative Law Judge than the one who presided over Plaintiff's earlier hearing.[3]

**IT IS SO ORDERED.**

Date:  August 17, 2021                              _____*s/Norah McCann King*_____
                                                      NORAH McCANN KING
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court remands the action on this basis, the Court declines to address Plaintiff's other arguments raised in the merits briefs, ECF Nos. 13, 15, 16.

5